UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO.: 2:20-cr-61-SPC-NPM

JOSE SERRANO PENA

_____

**OPINION AND ORDER**[1]

Before the Court is Defendant Jose Serrano Pena's Motion to Dismiss Violations of Supervised Release (Doc. 81), along with the Government's response in opposition (Doc. 84).  For the below reasons, the Court denies the motion.

Next week, the Court will hold a revocation hearing on the allegation that Defendant recently used cocaine in violation of his supervised release.  To prepare for the hearing, Defendant first asked the Court to compel the Government to produce possible mitigation evidence held by the United States Probation Office he otherwise cannot get.  (Doc. 74).  The Court denied the motion.  (Doc. 80).

Defendant now moves to dismiss the violation because he says the Court's decision jeopardizes his due process rights under *Kyles v. Whitley*, 514

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

U.S. 419 (1995) and his Fifth and Sixth Amendment rights under *Brady v. Maryland*, 373 U.S. 83 (1963). He argues the Court's ruling has "relieve[d] the Government of its constitutional duty to learn whether specifically identified information in the exclusive possession of a prosecution-team member is favorable as to punishment" and thus "there now is a constitutional impediment to proceed." (Doc. 81 at 2). Defendant thus asserts his alleged violations must be dismissed. Not so. Defendant's motion has procedural and substantive flaws.

Defendant provides no procedural basis for the motion. And the Federal Rules of Criminal Procedure provide none. Under Rule 12, a defendant can move to dismiss pleadings like indictments, informations, and pleas before trial. Fed. R. Crim. P. 12. That avenue is unavailable here because violations of supervised release are neither pleadings nor pretrial matters. *See United States v. Cox*, No. 5:11-cr-20-Oc-28PRL, 2020 WL 5407822, at *1 (M.D. Fla. Sept. 9, 2020) (stating that Rule 12 does not apply to petitions to revoke supervised release). So Rule 12 offers no help.

Neither does Rule 32.1, which governs revoking or modifying supervised release. Under Rule 32.1(b)(1)(C), "[i]f the judge finds probable cause, the judge must conduct a revocation hearing. If the judge does not find probable cause, the judge must dismiss the proceeding." Defendant waived a preliminary revocation hearing and thus never challenged the probable cause

for his alleged violations. (Doc. 63). So the Court will proceed with the revocation hearing per Rule 32.1 and not dismiss the violations.

Setting aside the procedural defects, Defendant's substantive arguments are nonstarters. Defendant faults the Court for relieving the Government of its obligation to review certain information that the probation officer possesses. Defendant also makes much ado about the probation officer testifying for the Government at the revocation hearing. He does so to support his characterization of the probation officer as a prosecution team member. But the United States Probation Office is under the judiciary's arm and not subject to the Government's control. *United States v. Jackson*, 568 F. App'x 655, 658 (11th Cir. 2014). Probation officers do not act on the Government's behalf. The Government and Defendant have the same access to probation officers and their information. And Defendant provides no binding authority to state otherwise. At bottom, Defendant falls short on persuading the Court that probation officers are part of the prosecution team to trigger due process rights for a revocation of supervised release.

Finally, to where Defendant is hung up on the probation officer possibly recommending a punishment greater than the most lenient advisory guidelines sentence, the Court assures Defendant it is not bound by any such recommendation.

Accordingly, it is now

**ORDERED:**

Defendant Jose Serrano Pena's Motion to Dismiss Violations of Supervised Release (Doc. 81) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 14, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

4